# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 5, 2002 Session

## KELLY RAE GRAY v. DAVID WAYNE GRAY

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Rutherford County**
**No. 98DR-1321     Royce Taylor, Judge**

---

**No. M2000-00620-SC-R11-CV - Filed July 9, 2002**

---

We granted this appeal to address the propriety of a trial court's award of child support to a parent who is not the primary residential parent. We hold that the Child Support Guidelines require that child support may be awarded only to the primary residential parent under the parenting plan approved by the trial court. We further hold that the use of a comparative analysis of the parties' earnings is improper under the Child Support Guidelines. We therefore reverse the trial court's judgment, reverse the judgment of the Court of Appeals, and remand this case to the trial court for consideration of an award of child support to the primary residential parent, David Wayne Gray.

### Tenn. R. App. P. 11 Appeal by Permission;
### Judgment of the Court of Appeals Reversed; Case Remanded to Trial Court

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ, joined.

David Wayne Gray, Woodbury, Tennessee, for the appellant, David Wayne Gray.

William W. Burton, Murfreesboro, Tennessee, for the Appellee, Kelly Rae Gray.

### OPINION

This appeal arises out of an award of child support to the mother in this case, Kelly Rae Gray. Mrs. Gray and her husband, David Wayne Gray, were married in August of 1986 and divorced in November of 1999. They had two sons, Nickolas and Dakota, who were both minors at the time of the divorce. Pursuant to the final parenting plan incorporated into the divorce decree, Mr. Gray was designated as the primary residential parent. Under the residential schedule, Mrs. Gray was to care for the children every day after school until 6:00 p.m. She was also awarded overnight visitation every other weekend from Friday after school until Sunday at 6:00 p.m. All other vacation and holiday time with the children was divided equally between Mr. and Mrs. Gray, as agreed upon by the parties.

The trial court ordered that Mrs. Gray was to be responsible for the children's lunch money, after-school activities, homework, and dinner. The trial court ordered Mr. Gray to pay for school supplies and school activities. Mrs. Gray was ordered to maintain health insurance for the children. Any uncovered medical expenses, including dental and orthodontic care, were ordered to be equally divided by the parties. In its award of child support, the trial court made the following findings:

> Each party will be responsible for paying the statutorily-mandated 32% to the other party. Due to income differentials, this leaves a $737.00 difference for the Father to pay to the Mother. In light of Father's extensive time with the children, however, Father's support obligation will be reduced to $600.00 per month, which will be paid directly from the Father to the Mother.

Mr. Gray filed a motion to alter or amend the divorce decree, seeking elimination of the award of child support to Mrs. Gray. In his motion, Mr. Gray alleged that the award of child support based upon the relative incomes of the parties was contrary to Tennessee law. The trial court denied the motion, and Mr. Gray filed an appeal in the Court of Appeals.

The Court of Appeals affirmed the trial court's judgment, holding that no Tennessee authority prohibited payment of child support by a custodial parent to a non-custodial parent. The Court of Appeals concluded that the facts in this case supported the award of child support to Mrs. Gray due to her significant contributions to the daily responsibility of caring for the children. We granted review.[1]

## ANALYSIS

### I. Award of Child Support to the Parent Who is Not the Primary Residential Parent

The key question before us is whether a trial judge may award child support to a parent who is not the primary residential parent. Because this issue is purely a question of law, our review is de novo with no presumption of correctness. See Letellier v. Letellier, 40 S.W.3d 490, 493 (Tenn. 2001). Determination of this question requires a careful review of Tennessee's statutes and rules governing child custody and support.

Section 36-6-404(a) of the Tennessee Code Annotated requires that every final decree for divorce involving a minor child must incorporate a permanent parenting plan. The permanent parenting plan must include a residential schedule, designating when the minor child is in each parent's physical care and assigning a primary residential parent. Tenn. Code Ann. §§ 36-6-402(5) (2001), -404(b) (2001). The primary residential parent is "the parent with whom the child resides more than fifty percent (50%) of the time." Tenn. Code Ann. § 36-6-402(4) (2001).

---

[1] The other issues addressed by Mr. Gray in his brief concerning the division of marital property are not properly before this Court and therefore will not be addressed in this opinion.

The permanent parenting plan also includes any award of child support. Tenn. Code Ann. § 36-6-402(3) (2001). Awards of child support are generally governed by the Child Support Guidelines promulgated by the Tennessee Department of Human Services Child Support Services Division. Tenn. Code Ann. § 36-5-101(e)(2) (2001) (establishing that courts shall apply the Child Support Guidelines as a rebuttable presumption in child support cases); Tenn. Comp. R. & Regs. 1240-2-4-.01 to -.04. The Child Support Guidelines indicate that they are "designed to apply to situations where children are living primarily with one parent but stay overnight with the other parent at least as often as every other weekend from Friday to Sunday, two weeks in the summer and two weeks during holidays throughout the year." Tenn. Comp. R. & Regs. 1240-2-4-.02(6). The parent with whom the child primarily lives is referred to as the child support obligee while the parent with whom the child does not primarily live is referred to as the obligor. Tenn. Comp. R. & Regs. 1240-2-4-.03(1). In determining the parent with whom the child primarily lives, actual physical custody of the child is considered rather than the trial court's designation of legal custody. See Tenn. Comp. R. & Regs. 1240-2-4-.02(6); cf. Tenn. Code Ann. § 36-6-410 (2001) (providing that the designation of custody for the purpose of other state and federal statutes or for insurance policies shall not affect the parents' rights and responsibilities under the parenting plan). An award of child support to the obligee is calculated based upon the net income of the obligor. Tenn. Comp. R. & Regs. 1240-2-4-.03(2). The income of the obligee should not be considered in the calculation of the amount of child support awarded. Id.

These portions of the Child Support Guidelines indicate that an award of child support is made to the parent with whom the child primarily lives. The determination of which parent is the one with whom the child primarily lives is based upon the time actually spent in each parent's physical custody. See Tenn. Comp. R. & Regs. 1240-2-4-.02(6). This definition coincides with the definition of the primary residential parent under § 36-6-402(4) as the parent with whom the child resides more than 50% of the time. We therefore conclude that the Child Support Guidelines contemplate that child support may be awarded only to the primary residential parent.

Moreover, we disagree with the Court of Appeals' conclusion that deviation from the Guidelines may include the re-alignment of the obligor and the obligee. The Guidelines contemplate the downward deviation of an award of support in cases in which the child spends more equal amounts of time with each parent than the schedule presumed under Tenn. Comp. R. & Regs. 1240-2-4-.02(6). Tenn. Comp. R. & Regs. R. 1240-2-4-.04(2)(b); see also Tenn. Comp. R. & Regs. 1240-2-4-.02(6) ("In situations where overnight time is divided more equally between the parents, the courts will have to make a case-by-case determination as to the appropriate amount of support."). "If the child(ren) spend more time with the obligor than is assumed by Tenn. Comp. R. & Regs., ch. 1240-2-4-.02(6), . . . the obligor's child support payments should be reduced." Jones v. Jones, 930 S.W.2d 541, 545 n.5 (Tenn. 1996). Downward deviation could conceivably include even a downward deviation to zero child support. We hold, however, that deviation past the point of zero to an award in favor of the parent who is not the primary residential parent is never appropriate. Such an award could be justified only if the parent who was not appointed as the primary residential parent spent more time with the child than the primary residential parent. In such a case, the designation of primary residential parent should be changed in order to comply with § 36-6-402(4).

In sum, only the parent who spends the greater amount of time with the child should be awarded child support, and that parent, by statutory definition, will always be the primary residential parent. We therefore hold that the trial court's award of child support to Mrs. Gray, the non-primary residential parent, was inappropriate in this case.

## II. Consideration of the Parties' Relative Earnings in Awarding Child Support

We must also briefly discuss the trial court's consideration of both parties' incomes in the award of child support in this case. The trial court calculated its award of child support based upon a finding that each parent should pay the other party 32% of his or her net income according to the percentage award for two children under Tenn. Comp. R. & Regs. 1240-2-4-.03(5). The court found that this calculation left a $737 difference in favor of Mrs. Gray and reduced the award to $600 per month based upon Mr. Gray's extensive time with the children under the permanent parenting plan's residential schedule.

We hold that the use of a comparative analysis of the parties' earnings is improper under the Child Support Guidelines. Rule 1240-2-4-.03(2) specifically states that "the income of the obligee should not be considered in the calculation of or as a reason for deviation from the guidelines in determining the support award amount." Consideration of the parties' relative incomes, therefore, is precluded by Tennessee's Child Support Guidelines. See Robertson v. Robertson, No. 03A01-9711-CV-00511, 1998 Tenn. App. LEXIS 761, at *11-13 (Tenn. Ct. App. Nov. 9, 1998), rev'd on other grounds, Robertson v. Robertson, No. E2000-06198-SC-R11-CV, 2002 Tenn. LEXIS 172 (Tenn. Apr. 4, 2002).[2]

## III. Award of Child Support in Favor of Mr. Gray

Having determined that the award of child support to Mrs. Gray was improper, we next must consider whether child support should be awarded in favor of Mr. Gray, the primary residential parent. Section 36-5-101(e) of the Tennessee Code Annotated provides that a trial court must apply as a rebuttable presumption the Child Support Guidelines in determining the amount of child support to be awarded. The Child Support Guidelines indicate that the award of child support for two children is 32% of the obligor's net income. Tenn. Comp. R. & Regs. 1240-2-4-.03(5). The rebuttable presumption in this case, therefore, is that Mr. Gray should be awarded 32% of Mrs. Gray's net income as child support. However, § 36-5-101(e)(1)(A) goes on to state:

> If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of

---

[2] We do not address the proper computation of child support when each parent is designated as the primary residential parent of one or more children.

-4-

the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

See also Tenn. Comp. R. & Regs. 1240-2-4-.04(2) (establishing grounds for deviation from Guideline-calculated child support). As previously discussed, the trial court failed to follow the proper procedure in its award of child support in this case. We therefore remand this case to the trial court for a determination of an appropriate award of child support, if any, to Mr. Gray under the facts of this case.

## CONCLUSION

We hold that the Child Support Guidelines require that child support may be awarded only to the primary residential parent. We further hold that the use of a comparative analysis of the parties' earnings is inappropriate under the Child Support Guidelines. The trial court failed to properly apply the applicable statutes and Child Support Guidelines in its award of child support in this case. We therefore reverse the award of child support to Mrs. Gray and remand this case for further proceedings consistent with this opinion. Costs of appeal are taxed to the appellee, Kelly Rae Gray, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE