IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 10, 2003 Session

## RONNIE R. COX v. AMY R. COX

**Appeal from the Probate and Family Court for Cumberland County**
**No. 7040      Steven C. Douglas, Judge**

### FILED MARCH 31, 2003

### No. E2002-02034-COA-R3-CV

Ronnie R. Cox ("Husband") and Amy R. Cox ("Wife") were divorced in 1993. At that time, the parties had two minor children. They subsequently had another child. In 1998, the parties entered into an agreed order that provided for joint physical and legal custody with each parent having equal time with the children. The agreed order also required Husband to pay $200 per month to Wife for child-care expenses. In 2002, Husband filed a Petition for Modification seeking to be relieved of the $200 per month obligation because Wife's income had increased substantially and was equal to, or greater than, Husband's. The Trial Court found, *inter alia*, the $200 payments were contractual in nature and denied the Petition for Modification. Husband appeals. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate and Family Court Reversed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Brett A. York and Kevin R. Bryant, Crossville, Tennessee, for the Appellant, Ronnie R. Cox.

Tom Beesley, Crossville, Tennessee, for the Appellee, Amy R. Cox.

# OPINION

## Background

Husband and Wife were divorced in August of 1993. At that time, the parties had two minor children. The Marital Dissolution Agreement entered into by the parties designated Wife as the primary custodian of the children, granted Husband liberal visitation, and required Husband to pay child support of $400 per month as per the then current child support guidelines. At some point after the divorce, the parties resumed cohabitation and had another child in 1996.

In August of 1997, the parties were no longer together. They entered an agreement wherein Husband acknowledged paternity of the child born in 1996 and the parties agreed to share joint legal custody with primary custody being vested in both parents as to all three children. Even though the parties agreed to spend equal time with the children, Husband agreed to continue to pay $400 per month to Wife as set out in the Marital Dissolution Agreement.

In August of 1998, Husband filed a motion to terminate child support that was denied. Then in November of 1998, the parties entered into an agreed order that provided for joint physical and legal custody with each parent having equal time with the children. This agreed order further required Husband to pay Wife $200 per month for child-care expenses. In addition, the agreed order provided that if Husband became more than thirty days delinquent in his child-care obligation, Wife could seek and obtain a wage assignment.

In April of 2002, Husband filed a Petition for Modification asking to be relieved of his obligation to pay $200 per month to Wife based upon his belief that Wife's income had increased substantially and was equal to, or greater than, Husband's income.

In July of 2002, a hearing was held on Husband's Petition for Modification. Testimony at the hearing showed that at the time of the entry of the 1998 agreed order, Wife was earning approximately $14,500 per year and Husband was earning approximately $28,000 per year. Wife denied the $200 payments called for in the 1998 agreed order are child support. Rather, Wife asserted the obligation is a contractual one. Husband argued the $200 payments are child support and, thus, modifiable. Testimony also showed Wife currently earns approximately $36,000 per year and Husband currently earns approximately $32,000 per year. Both parties testified the children are healthy, happy and doing well.

The Trial Court found Husband's obligation to pay $200 per month was "beyond his legal duty to pay child support and was contractual in nature. . . ." The order further found the payment amount had not been determined based upon the parties' income, the agreement did not specify the payments would stop upon the occurrence of some contingency, and there had been no material change in Husband's income. The Trial Court denied the Petition for Modification. Husband appeals.

**Discussion**

Although not stated exactly as such, Husband raises one issue on review: whether the Trial Court erred in denying the Petition for Modification.

The record on appeal contains only Husband's Petition for Modification, Wife's Answer to the Petition for Modification, an Amendment to Wife's Answer to the Petition for Modification, the Trial Court's Order on the Petition for Modification, and an extremely brief Statement of the Evidence. While the record does not contain a copy of the 1998 agreed order that Husband seeks to have modified, the Statement of the Evidence and the Trial Court's Order denying the Petition for Modification disclose the relevant provisions of the 1998 agreed order.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

The Trial Court based its ruling, in part, upon the fact the 1998 agreed order did not specify the payments would stop upon the occurrence of some contingency. Tenn. Code Ann. § 34-1-102, however, provides "[t]he duty of support shall continue until the child graduates from high school or the class of which the child is a member when the child attains eighteen (18) years of age graduates, whichever occurs first." Tenn. Code Ann. § 34-1-102(b) (2002). As the termination date of child support payments is provided by statute, there was no need for the parties to specifically provide for a termination date. Thus, the fact that the agreement does not provide for termination upon the occurrence of some contingency has no bearing upon the issue of whether the payments were child support.

Our Supreme Court has held:

When the husband and wife contract with respect to the legal duty of child support, upon approval of that contract, the agreement of the parties becomes merged into the decree and loses its contractual nature. . . . [T]he reason for stripping the agreement of the parties of its contractual nature is the continuing statutory power of the Court to modify its terms when changed circumstances justify.

*Penland v. Penland*, 521 S.W.2d 222, 224 (Tenn. 1975).

Husband and Wife contracted with respect to the legal duty of child support. Initially, Husband paid $400 per month to Wife per the then current guidelines. Several years later, the parties agreed to split their time with the children equally. Subsequently, the parties agreed to reduce Husband's child support payments to $200 per month. At that time, the parties were modifying the child support payments initiated in the Marital Dissolution Agreement per the child support guidelines. The parties were contracting about payments for the support of the minor children. The

designation of the $200 per month payment in the 1998 agreed order as being for child-care expenses does not mean that those payments were not child support. These payments are for the ultimate benefit of the children rather than Wife. Mothers and fathers certainly are free to agree that child support payments will be higher than mandated by the guidelines, and a trial court may approve such an agreement. That is what happened here. As such, upon approval by the Trial Court, the parties' agreement merged into the Trial Court's 1998 agreed order and lost its contractual nature. We hold the $200 per month payments are child support and are modifiable.

We next consider whether modification is proper. The "Child Support Guidelines indicate that an award of child support is made to the parent with whom the child primarily lives." *Gray v. Gray*, 78 S.W.3d 881, 884 (Tenn. 2002). However, as our Supreme Court explained in *Gray*, the support guidelines state where overnight parenting time is divided more equally between the parents, the courts will need to make a case-by-case determination of the appropriate amount of support. *Id*. "'If the child(ren) spend more time with the obligor than is assumed by Tenn. Comp. R. & Regs., ch. 1240-2-4-.02(6), . . . the obligor's child support payments should be reduced.' Downward deviation could conceivably include even a downward deviation to zero child support." *Id*. (quoting *Jones v. Jones*, 930 S.W.2d 541, 545 n.5 (Tenn. 1996) (alteration in original). "[O]nly the parent who spends the greater amount of time with the child should be awarded child support, and that parent, by statutory definition, will always be the primary residential parent." *Id*.

We continue our analysis by noting neither parent in this case is designated as the primary residential parent. *See* Tenn. Code Ann. §§ 36-6-402(5) (2002) and 36-6-404 (2002) (requiring a permanent parenting plan with one parent designated as the primary residential parent). The parties were divorced in 1993, and Tenn. Code Ann. § 36-6-404 specifically states it is "inapplicable to parties who were divorced prior to July 1, 1997. . . ." Tenn. Code Ann. § 36-6-404(a) (2002). Thus, in this case there is no primary residential parent. Neither is there one parent "with whom the child resides more than fifty percent (50%) of the time." Tenn. Code Ann. § 36-6-402(4) (2002).

When the parties were divorced, in 1993, Wife was the primary custodian. Several years later, Husband and Wife agreed to split their time with the children equally. Thus, the children, at a minimum, are spending more time with Husband than contemplated by the support guidelines. Therefore, if Wife is entitled to any child support, a downward deviation is proper. In addition, as both parents have the children an equal amount of time and there being no primary residential parent, we find it proper to consider the income of both parties in determining whether modification is proper.

The evidence shows Wife's income has increased significantly from approximately $14,500 to approximately $36,000 per year. Although Husband's income also has increased, from approximately $28,000 to approximately $32,000 per year, this increase is much smaller. When the parties first agreed for Husband to pay child support to Wife, Husband's income greatly exceeded Wife's. Additionally, as our Supreme Court has stated, "only the parent who spends the greater amount of time with the child should be awarded child support. . . ." *Gray*, 78 S.W.3d at 884. We

are aware that "the use of a comparative analysis of the parties' earnings is improper under the Child Support Guidelines." *Id*. However, we believe this specific holding of our Supreme Court is predicated upon there being a "parent who spends the greater amount of time with the child . . .", and while that was so when these parties divorced, it is not so now. *Id*.

The situation has changed dramatically and now Wife's income exceeds Husband's. More importantly, neither parent spends the greater amount of time with the children, and, therefore, neither party is entitled to child support. Given the material change in circumstances, we find modification of Husband's child support is proper. After considering the entire record, including the fact that neither parent spends the greater amount of time with the children, we hold that it is appropriate for Husband to be relieved of his $200 per month child support obligation whether that decrease be characterized as a downward deviation to zero or a decrease due to the fact that neither party is the "parent who spends the greater amount of time with the child . . . ." *Id*. We, therefore, hold Husband is relieved of his obligation to pay Wife $200 per month child support.

### Conclusion

The judgment of the Trial Court is reversed, Husband is relieved of the obligation to pay Wife child support, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellee, Amy R. Cox.

_____
D. MICHAEL SWINEY, JUDGE