IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2004 Session

## BOWDOIN GRAYSON SMITH v. GINGER LEE MARENCHIN SMITH

**Appeal from the Chancery Court for Smith County**
**No. 5800      C.K. Smith, Chancellor**

_____

**No. M2003-01218-COA-R3-CV - Filed October 20, 2004**

_____

Bowdoin Grayson Smith ("Father") and Ginger Lee Marenchin Smith ("Mother") were divorced in 1996. Mother was granted sole custody of the parties' four minor children, and Father was granted visitation and ordered to pay child support. Two years later, Father filed a petition for joint custody and later a petition to modify child support. After a hearing, the Trial Court found that Father had failed to prove a material change in circumstances and denied the petition for joint custody; modified the visitation schedule; granted Father telephone and e-mail contact with the children at specified times; found that Mother had proved monthly expenses of $7,500 were reasonably necessary to provide for the support and needs of the children, but that Father would be responsible for paying only $5,000 in monthly child support with Mother responsible for the remainder; and granted Mother attorney's fees. Mother appeals claiming the Trial Court erred in finding that only $7,500 per month was reasonably necessary for the support of the children and in holding that Father would be responsible for only $5,000 of these expenses. Father raises additional issues claiming the Trial Court erred in dismissing the petition for joint custody and in awarding Mother attorney's fees. We affirm, in part; modify, in part; vacate, in part; and remand solely for the collection of the costs below.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed, in part, Modified, in part, and Vacated, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. and CHARLES D. SUSANO, JR., J., joined.

James L. Weatherly, Jr., Nashville, Tennessee, for the Appellant, Ginger Lee Marenchin Smith.

Clark Lee Shaw, Nashville, Tennessee, for the Appellee, Bowdoin Grayson Smith.

**OPINION**

**Background**

Mother and Father were divorced in 1996. They have four minor children. Mother was granted sole custody of the parties' children and Father was granted visitation and ordered to pay child support. In 1998, Father filed a petition for joint custody. In 2001, Father filed a petition for a reduction in child support. Prior to filing his petition for reduction in child support, Father had been ordered by the Trial Court to pay $10,769.50 per month in child support. In August of 2002, the Trial Court dismissed the petition for a reduction in child support and granted Father leave to file an interlocutory appeal. Father's application for permission to appeal was denied by this Court. Father then filed a motion asking the Trial Court to reconsider its dismissal of the petition for reduction in child support. Subsequently, the Trial Court heard both the petition for joint custody, which had been pending since 1998, and the petition for a reduction in child support in February of 2003.

At the hearing, Father testified there have been numerous times when he has asked to exchange visitation weekends with Mother and has been denied. He also testified he has asked to pick the children up thirty minutes early to take them to the circus and Mother has refused. Further, Father testified that when his father died, he asked Mother if he could keep the children overnight to take them to their grandfather's funeral, but Mother refused. However, Mother did take the children to the funeral home on the day of the funeral to attend the services. Father also testified that on many occasions, he has not been allowed to talk to the children on the phone. In the initial decree, Father was granted visitation with the children on alternating birthdays, in addition to his other visitation, but has exercised none of these birthday visits.

When Father filed the petition for joint custody in 1998, he was married to Robin Nixon. This was his second marriage after Father and Mother divorced in 1996. Prior to marrying Ms. Nixon, Father was married to, and divorced from, Beth Boatman. Father admitted Ms. Nixon was addicted to crack cocaine and he later divorced her sometime after filing the petition for joint custody. At the time of the hearing, Father had been married to Melissa Smith for approximately fourteen months. Father has adopted his current wife's two children, who are in the same age range as the minor children at issue in this case.

Evidence was presented that the private school the children attend is changing its schedule to a modified block schedule with nine weeks on and two weeks off, and a summer vacation. This change makes the summer break a little shorter and gives the children a two-week fall break, a two-week spring break, and a Christmas break.

Both Father and Mother are physicians. Exhibits in the record on appeal show that Father's income exceeds $600,000 annually, or over $50,000 monthly. Mother, who significantly cut back her work schedule when the children were born, now practices medicine approximately only

one-half a day, or three hours, a week. The evidence shows that all four children are in school Monday through Friday from around 6:30 in the morning until 4:00 in the afternoon.

Mother testified to monthly expenses for the children of approximately $12,500. These expenses included, among other things, the mortgage payment, utility payments, school tuition, car expenses, and charges for band, dance lessons, camp, and horseback riding lessons.

In its order entered May 5, 2003, the Trial Court found that Father had failed to prove a material change in circumstances and denied the petition for joint custody; modified the visitation schedule taking into account the school's new modified block schedule; granted Father telephone and e-mail contact with the children at specified times; found that Mother had proved monthly expenses of $7,500 were reasonably necessary to provide for the support and needs of the children, but that Father would be responsible only for $5,000 in monthly child support with Mother responsible for the remaining expenses; and granted Mother attorney's fees. Further, the Trial Court found that Mother is "willfully underemployed or unemployed" and is "qualified, educated, and capable of working, but she chooses to stay home." The Trial Court disallowed several expenses Mother testified to including, among other things, a mortgage payment, furniture purchases, painting, and driveway maintenance, and stated it was taking into account the standard of living of the children, Father's standard of living, and the standard of living of Father's two adopted children "since they're all his children now, they should all ride in the same boat." The Trial Court made the order for child support effective from the date the petition was filed, in August of 2001. Mother appeals to this Court.

**Discussion**

Although not stated exactly as such, Mother raises three issues on appeal: 1) whether the Trial Court erred in finding that the expenses reasonably necessary to provide for the needs of the four minor children were limited to $7,500 per month; 2) whether the Trial Court erred in reducing Father's child support obligation to $5,000 per month given the Trial Court's finding that expenses of $7,500 per month were reasonable and necessary; and 3) whether Mother is entitled to an award of attorney's fees on appeal. Father raises three additional issues which we restate as: 1) whether the Trial Court erred in dismissing his petition for joint custody; 2) whether the Trial Court erred in awarding Mother attorney's fees; and 3) whether Father is entitled to an award of attorney's fees on appeal. We will consider the issues in turn except for the issues regarding an award of attorney's fees on appeal. We will consider the issues regarding an award of attorney's fees on appeal after we discuss all the other issues.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v.*

*Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). We review child support decisions for abuse of discretion. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244 (Tenn. Ct. App. 2000). However, a trial court's discretion is limited because such "discretion must be exercised within the strictures of the Child Support Guidelines." *Berryhill v. Rhodes*, 21 S.W.3d 188, 193 (Tenn. 2000); *see also Jones v. Jones*, 930 S.W.2d 541, 545 (Tenn. 1996).

We first will consider whether the Trial Court erred in finding that the expenses reasonably necessary to provide for the needs of the four minor children were limited to $7,500 per month.

Tennessee Code Annotated § 36-5-101(e)(1) provides, in pertinent part:

> (B) Notwithstanding any provision of this section or any other law or rule to the contrary, if the net income of the obligor exceeds ten thousand dollars ($10,000) per month, then the custodial parent must prove by a preponderance of the evidence that child support in excess of the amount, [calculated by multiplying the appropriate percentage set forth in the child support guidelines by a net income of ten thousand dollars ($10,000) per month], is reasonably necessary to provide for the needs of the minor child or children of the parties. In making its determination, the court shall consider all available income of the obligor, as required by this chapter, and shall make a written finding that child support in excess of the amount so calculated is or is not reasonably necessary to provide for the needs of the minor child or children of the parties.

Tenn. Code Ann. § 36-5-101(e)(1)(B) (2001).

The child support guidelines provide that an obligor with four children, as is the situation in this case, pay 46% of his or her net income in child support. Father is a high income obligor whose income exceeds $10,000 per month. Calculated on a monthly net income of $10,000, Father would, thus, have to pay $4,600 per month unless Mother proved by a preponderance of the evidence that child support in excess of $4,600 was reasonably necessary for the support of the children. For many years, one of the stated purposes of child support has been "[t]o ensure that when parents live separately, the economic impact on the child(ren) is minimized and to the extent that either parent enjoys a higher standard of living, the child(ren) share(s) in that higher standard." Tenn. Comp. Rules & Regs. Ch. 1240-2-4-.02(2)(e) (2003).

In this case, Mother testified to expenses for the children totaling approximately $12,500 per month. The Trial Court disallowed several of the expenses Mother testified about and found that only $7,500 of the claimed expenses were reasonably necessary for the support of the children. The evidence does not preponderate against this finding.

We next consider whether the Trial Court erred in reducing the Husband's child support obligation to $5,000 per month given the finding that expenses of $7,500 per month were

reasonably necessary for the support of the children. The Trial Court stated it "believes that it is proper to look to the earning capacity of the Mother in determining what support over the $4,600 per month should be paid by the Father." The Trial Court then found Mother was "willfully underemployed or unemployed" and used this finding as a basis for reducing Father's obligation from $7,500 to $5,000.

In the case of *Gray v. Gray*, our Supreme Court held:

> that the use of a comparative analysis of the parties' earnings is improper under the Child Support Guidelines. Rule 1240-2-4-.03(2) specifically states that "the income of the obligee should not be considered in the calculation of or as a reason for deviation from the guidelines in determining the support award amount." Consideration of the parties' relative incomes, therefore, is precluded by Tennessee's Child Support Guidelines.

*Gray v. Gray*, 78 S.W.3d 881, 884-85 (Tenn. 2002).

We hold it was error for the Trial Court to consider Mother's income, or lack thereof, and to use this as a basis for deviating in the amount of child support. Mother proved that $7,500 per month was reasonably necessary for the support of the children. Tenn. Code Ann. § 36-5-101(e)(1)(B) does not purport to address the child support obligation of Mother as the obligee. Rather, the statute simply assigns Mother the burden of proving that the expenses are reasonably necessary for the support of the children, which she did. We also note that this statute specifically provides that "[i]n making its determination, the court shall consider all available income of the *obligor*, as required by this chapter . . . ." Tenn. Code Ann. § 36-5-101(e)(1)(B) (2001) (emphasis added). The Legislature in enacting this statute made no mention of considering all available income of the obligee. Therefore, we modify the Trial Court's holding to direct that Father shall pay $7,500 per month in child support.

Next, we consider whether the Trial Court erred in dismissing the petition for joint custody. In *Kendrick v. Shoemake*, our Supreme Court held that "a trial court may modify an award of child custody when both a material change of circumstances has occurred and a change of custody is in the child's best interests." *Kendrick v. Shoemake*, 90 S.W.3d 566, 568 (Tenn. 2002). The *Kendrick* Court stated:

> As explained in *Blair*, the "threshold issue" is whether a material change in circumstances has occurred after the initial custody determination. *Id*. at 150. While "[t]here are no hard and fast rules for determining when a child's circumstances have changed sufficiently to warrant a change of his or her custody," the following factors have formed a sound basis for determining whether a material change in circumstances has occurred: the change "has occurred after the entry of the order sought to be modified," the change "is not one that was known or reasonably

anticipated when the order was entered," and the change "is one that affects the child's well-being in a meaningful way." *Id*. (citations omitted).

*Id*. at 570 (quoting *Blair v. Badenhope*, 77 S.W.3d 137 (Tenn. 2002)).

When making a determination regarding the best interest of the child for purposes of modifying custody:

The court shall consider all relevant factors including the following where applicable:

(1) The love, affection and emotional ties existing between the parents and child;

(2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;

(3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; provided, that where there is a finding, under § 36-6-106(8), of child abuse, as defined in § 39-15-401 or § 39-15-402, or child sexual abuse, as defined in § 37-1-602, by one (1) parent, and that a non-perpetrating parent has relocated in order to flee the perpetrating parent, that such relocation shall not weigh against an award of custody;

(4) The stability of the family unit of the parents;

(5) The mental and physical health of the parents;

(6) The home, school and community record of the child;

(7) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;

(8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; provided, that where there are allegations that one (1) parent has committed child abuse, [as defined in §39-15-401 or § 39-15-402], or child sexual abuse, [as defined in § 37-1-602], against a family member, the court shall consider all evidence relevant to the physical and emotional safety of the child, and determine, by a clear preponderance of the evidence, whether such abuse has occurred. The court shall include in its decision a written finding of all evidence, and

all findings of fact connected thereto. In addition, the court shall, where appropriate, refer any issues of abuse to the juvenile court for further proceedings;

(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child; and

(10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

Tenn. Code Ann. § 36-6-106(a) (2001).

Father's appellate brief argues, that Mother "will never ' . . . encourage a close and continuing parent-child relationship between the children and the other parent, consistent with the best interest of the child.'" Father's brief also argues that "Tenn. Code Ann. § 36-6-106(8) regarding emotional abuse applies in this case" because "the mother's use of these children to punish their father is tantamount to emotional abuse." However, Father's argument deals with whether a change of custody would be in the best interest of the children. The Trial Court found that Father failed to prove a material change in circumstances. The evidence does not preponderate against this finding. As Father did not make this threshold showing, we need not reach the best interest analysis. Therefore, we affirm the Trial Court's dismissal of the petition for joint custody.

We next consider whether the Trial Court erred in awarding Mother attorney's fees. The Trial Court specifically found that Mother "has substantial earning ability and is willfully underemployed or unemployed." The evidence does not preponderate against this finding. Given this finding, along with the fact that Father was successful in having his child support reduced from the $10,769.50 per month now to $7,500, we hold that it was error to award Mother attorney's fees. We, therefore, vacate the award of attorney's fees to Mother.

Finally, we consider whether either Mother or Father is entitled to an award of attorney's fees on appeal. In the exercise of our discretion, we decline to award either party attorney's fees on appeal.

## Conclusion

The judgment of the Trial Court is affirmed as to the Trial Court's finding that the expenses reasonably necessary to provide for the needs of the four minor children were limited to $7,500 per month, and the Trial Court's dismissal of the petition for joint custody; modified as to the amount of monthly child support Father is ordered to pay by setting Father's child support at $7,500; vacated as to the award of attorney's fees to Mother; and this cause is remanded to the Trial

Court for collection of the costs below. The costs on appeal are assessed against the Appellee, Bowdoin Grayson Smith.

 

_____

D. MICHAEL SWINEY, JUDGE