# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
## HEARD AT COOKEVILLE[1]
### June 2, 2004 Session

## SYNTHIA M. HOPKINS v. VICTOR L. HOPKINS

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Montgomery County**
**No. 2001-01-0072     Carol Catalano, Chancellor**

---

**No. M2002-02233-SC-R11-CV - Filed September 27, 2004**

---

The issue in this case is whether child support may be awarded when neither party has been designated the primary residential parent. The Court of Appeals modified the trial court's judgment to award equal parenting time between the parties. Neither party contests this modification. We hold that the Court of Appeals erred, however, in awarding child support to one party when neither party was designated the primary residential parent. We remand to the trial court for the designation of a primary residential parent, for the consideration of the amount of child support to be paid, and for entry of a parenting plan.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Appeals Affirmed in Part and Vacated in Part;**
**Case Remanded to the Trial Court**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, and ADOLPHO A. BIRCH, JR., JJ., joined. WILLIAM M. BARKER, J., filed a dissenting opinion.

Sharon T. Massey and Gregory D. Smith, Clarksville, Tennessee, for the appellant-defendant, Victor L. Hopkins.

Mark A. Rassas and Julia P. North, Clarksville, Tennessee, for the appellee-plaintiff, Synthia M. Hopkins.

---

[1] Oral argument was heard in this case on June 2, 2004, in Cookeville, Putnam County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

**OPINION**

Factual and Procedural Background

In January 2001, Synthia M. Hopkins ("Mother") filed a complaint seeking a divorce from her husband, Victor L. Hopkins ("Father"). Father filed an answer and counter-complaint. Both parties filed proposed parenting plans in the trial court. Father submitted two parenting plans, one more detailed than the other. Both plans filed by Father called for the parties to divide the residential schedule of their three minor children equally, and the second plan required Father to pay Mother $800 per month in child support. Mother's parenting plan listed her as the residential custodian of the three children and required Father to make child support payments in the amount of $1,262.15 per month.

In July 2002, the trial court granted Mother a divorce on the ground of inappropriate marital conduct. The trial court did not adopt a parenting plan proposed by either party. Although the trial court stated that it was adopting its own parenting plan, no formal parenting plan was signed by the parties or set forth in the final divorce decree. In its ruling, the trial court found that the demands of Mother's master's degree program, when combined with her full-time teaching position, would necessarily limit the time she had available to meet her children's needs. The trial court found that Father's job was flexible and that he needed no further education. The trial court's divorce decree, in effect, granted primary physical custody of the parties' three children to Father. Mother was ordered to pay child support to Father in the amount of $681.37 per month. The children were ordered to reside with Father during the school year and with Mother during the summer. Mother objected to the residential schedule and filed a Motion to Alter and Amend, in which she stated that she would be pursuing her master's degree studies on a part-time basis and that her class schedule would take away only limited parenting time. The motion was denied. Mother subsequently appealed.

The Court of Appeals reversed the trial court's residential provisions and its child support ruling. The intermediate appellate court adopted one of the parenting plans submitted by Father. The court thus divided the residential schedule of the children between Mother and Father equally, with both parties alternating physical custody on a weekly basis. This alternating custody arrangement is greatly facilitated by the fact that Father built a house next door to the marital home where Mother resides. In addition, Father was ordered to pay child support to Mother in the amount of $800 per month, the amount Father suggested to the trial court in one of his parenting plans. The court did not designate a primary residential parent.

Father asserts that the Court of Appeals erred in determining the proper amount of child support. We granted permission to appeal.

Analysis

It is important to note that neither party takes issue with the Court of Appeals' determination that the parties should share equal time with their children. The only issue before us is that of

support. Father argues that the Court of Appeals erred in calculating his child support obligation. He proposes two alternatives for determining the proper amount of child support in a case in which custody of minor children is divided equally between two parents. First, Father suggests that the income of both parents be considered in calculating the child support award. Second, Father suggests that neither party should be required to pay child support.

In Gray v. Gray, 78 S.W.3d 881, 882 (Tenn. 2002), we held that "the use of a comparative analysis of the parties' earnings is improper under the Child Support Guidelines." Under the Child Support Guidelines applicable in the present case, the income of the obligee (the parent with whom the children primarily live) is not to be considered in the calculation of the amount of child support awarded. Tenn. Comp. R. & Regs. 1240-2-4-.03(2). Thus, we reject Father's suggestion that the income of both parties should have been considered in computing child support.[2]

Father's second suggestion is equally flawed. Child support payments are for the benefit of the child, and both parents have a duty to support their minor children. See, e.g., Gallaher v. Elam, 104 S.W.3d 455, 461 (Tenn. 2003). We decline to adopt a bright-line rule that no child support is owed when a child's residential time is divided equally between the parents.

The Child Support Guidelines do not expressly provide for an equal division of residential time. Instead, the Guidelines address situations in which a child resides primarily with one parent. See Tenn. Comp. R. & Regs. 1240-2-4-.02(6) (providing that the Child Support Guidelines "are designed to apply to situations where children are living primarily with one parent but stay overnight with the other parent at least as often as every other weekend from Friday to Sunday, two weeks in the summer and two weeks during holidays throughout the year"). Accordingly, a primary residential parent is defined as "the parent with whom the child resides more than fifty percent (50%) of the time." Tenn. Code Ann. § 36-6-402(4) (2001) (emphasis added). However, we do not interpret this definition as precluding a child's residential schedule from being divided equally between the parents. While silent on this precise issue, the Guidelines "are designed to consider the actual physical custody of the child(ren), regardless of whether custody is awarded to one parent and visitation to the other or such an arrangement is ordered to be joint custody or split custody." Tenn. Comp. R. & Regs. 1240-2-4.02(6).

Having decided that an equal division of time is permissible under the Guidelines, we must address the manner in which child support is to be calculated in such a situation. In situations in which overnight time is divided more equally between the parents, courts should make a case-by-case determination as to the appropriate amount of support. Tenn. Comp. R. & Regs. 1240-2-4-.02(6); see also Gray, 78 S.W.3d at 884; Tenn. Comp. R. & Regs. 1240-2-4-.04(2)(b). Therefore, it may be appropriate to award less child support to the primary residential parent when residential time is divided equally.

---

[2] We note, however, that proposed amendments to the Child Support Guidelines allow for a comparative analysis of the parties' incomes in determining child support. See Substance of Proposed Rules of the Tennessee Department of Human Services, Tenn. Comp. R. & Regs. 1240-2-4.

In the present case, however, the Court of Appeals did not designate a primary residential parent.  Tennessee's statutes require both a residential schedule, <u>see</u> Tenn. Code Ann. § 36-6-404(b) (2001), and the designation of a primary residential parent, <u>see</u> Tenn. Code Ann. § 36-6-402(5) (2001).  As we stated in <u>Gray</u>, "the Child Support Guidelines contemplate that child support may be awarded only to the primary residential parent."  78 S.W.3d at 884.  We hold that the Court of Appeals erred in awarding child support without designating a primary residential parent.[3]

We affirm the Court of Appeals' determination and the parties' desire that the parents share equal residential time.  However, we vacate the intermediate court's award of child support.  We remand this case to the trial court to determine which party should be designated the primary residential parent.  The trial court must then apply the Child Support Guidelines to determine the amount of child support, if any, that the non-primary residential parent should pay to the primary residential parent.[4]  Finally, the trial court should direct the parties to submit to the court a permanent parenting plan that incorporates the requirements set forth in Tennessee Code Annotated section 36-6-404.

## Conclusion

In summary, we hold that under the Child Support Guidelines, only the primary residential parent may be awarded child support.  In reviewing the trial court's judgment, the Court of Appeals erred in failing to designate a primary residential parent.  We remand this case to the trial court for further proceedings consistent with this opinion.  On remand, the trial court shall consider all of the relevant statutory factors in designating a primary residential parent and in calculating child support and shall enter a parenting plan.  Costs of this appeal are taxed equally to the appellant, Victor L. Hopkins, and the appellee, Synthia M. Hopkins, and their sureties, for which execution may issue if necessary.



JANICE M. HOLDER, JUSTICE

---

[3] The designation of a primary residential parent is also important for purposes other than the determination of child support.  For example, other state and federal statutes require that one parent be named the child's custodian.  <u>See</u> Tenn. Code Ann. § 36-6-410 (2001).

[4] Instead of applying the guidelines, the dissent would revert to "the law that was in existence prior to the enactment of the guidelines."  The cases on which the dissent relies, however, involve statutes found to be unconstitutional.  In this case, the constitutionality of neither the statute nor the guidelines has been raised by the parties or addressed by the dissent.  The dissent cites to no case holding that difficulty in application warrants ignoring a statute in favor of "equitable principles."