IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief February 9, 2007

## STATE OF TENNESSEE, ex rel., LAJAUTA  McNEIL  DAUDA v. CORRY JAMAL HARRIS

**A Direct Appeal from the Juvenile Court for Shelby County**
**No. C8666      The Honorable Harold W. Horne, Special Judge**

---

**No. W2006-01314-COA-R3-JV - Filed March 26, 2007**

---

This is a Title IV-D child support case.  The Appellant State of Tennessee *ex rel*. LaJuanta McNeil Dauda was granted an order legitimizing the minor child and setting Appellee/Father's child support obligation going forward.  Appellee/Father filed a petition to set aside paternity, which was denied.  Appellee/Father's child support arrears were determined and, thereafter,  the child's mother sought to have Appellee/Father's support obligation suspended and any arrears forgiven.  The trial court granted the motion and the State appeals.  We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Warren A. Jasper, Assistant Attorney General for Appellant, State of Tennessee, ex rel. Lajauta McNeil Dauda

Corry Jamal Harris, Pro Se

### OPINION

On July 17, 1992, the State of Tennessee *ex rel*. LaJuata McNeil Dauda ("State," or "Appellant"), filed a petition against Corry Jamal Harris ("Appellee") to establish paternity of Ms. Dauda's child, A.D.H. (d.o.b. September 26, 1991).  On August 14, 1992, the juvenile court found that Mr. Harris was the father of A.D.H. and set child support at $115.00 per month.

Twelve years later, on September 21, 2004, Mr. Harris filed a petition to set aside the judgment of paternity.  In his Petition, Mr. Harris states that he obtained a DNA paternity test, which showed zero percent probability that he is the father of A.D.H.  On October 26, 2004, the State filed

its response asserting that Mr. Harris's Petition is barred by the doctrine of *res judicata*. The State also asserted that Mr. Harris had never made a voluntary child support payment and that he owed $20,674.65 as of October 1, 2005. Along with its response, the State also filed a motion *in limine* and/or motion to strike seeking to exclude the results of the privately conducted DNA test. On or about June 14, 2005, the trial court entered an Order dismissing Mr. Harris's Petition.

On June 15, 2005, Ms. Dauda filed a *pro se* petition to modify the June 14, 2005 Order. Specifically, Ms. Dauda requested that Mr. Harris's child support obligation be suspended and that any arrears be forgiven and terminated. A hearing was held on August 15, 2005. At the hearing, Ms. Dauda testified that, although the DNA test indicated that Mr. Harris was not A.D.H.'s father, Mr. Harris continued to take care of the child. Ms. Dauda further testified that, when A.D.H. was born, both she and Mr. Harris believed that Mr. Harris was the father; however, she conceded that both she and Mr. Harris knew that there was a possibility that another man was the father. As A.D.H. grew, Ms. Dauda stated that she realized he looked like the other man but that Mr. Harris was "his daddy." Ms. Dauda testified that Mr. Harris owed about $17,000.00 in child support, but that only $2,016.00 of that sum was owed to the State. Mr. Harris testified that he still loved the child, that the child spent summers with him and that he would continue to do so. Both Mr. Harris and Ms. Dauda testified that, whenever A.D.H. needed something, Mr. Harris provided it. Mr. Harris indicated that he should not have to pay child support because he gave A.D.H. more money per month than he was required to pay in child support.

The State indicated that the total arrears were $19,000.00 and that $2,500.00 of that was owed to the State. Based upon this testimony, the Referee reduced the total arrears to $2,500.00. On or about August 15, 2005, the Referee entered an Order suspending Mr. Harris's ongoing child support obligation, and establishing the total arrears at $2,500.00, which sum was owed to the State.

On August 18, 2005, the State requested a hearing before the juvenile court judge. The hearing was held on February 2, 2006. At that hearing, Mr. Harris reiterated his desire to stay in the child's life and to treat the child as his own. Ms. Dauda testified that she did not want any support from Mr. Harris. Following the hearing, the trial court's entered and Order on February 2, 2006, which Order reads, in pertinent part, as follows:

> [T]he Court finds:
>
> *                                   *                                   *
>
> 2. That the parties are in agreement that the defendant is not the biological father of the minor child legitimated in this cause August 14, 1992 and base their agreement on the results of DNA testing performed by them privately.
> 3. That the defendant does not seek to set aside the order of paternity as he continues to act as said child's father out of a sense of love and concern for said child's welfare.

4. That at the hearing on August 15, 2005 the parties expressed to the Referee their desire to terminate the ongoing obligation to pay child support through the Court.

\*                                    \*                                    \*

6. That the Referee awarded the State a judgment for $2,500.00 it claimed it was due and, at the request of the petitioner, terminated the continuing obligation to pay child support.

7. That the defendant thereupon tendered to the State, through the Court Clerk's Office a payment of $2,500.00 to satisfy the judgment and marked upon the face of the payment that it was in full payment of the above debt.

8. That the defendant has satisfied his obligation to reimburse the State and that the mother should be allowed to dismiss her action.

IT IS THEREFORE ORDERED

1. That the Referee's ruling of August 15, 2005, be and is hereby reconfirmed as the decree of this Court.

2. That the arrears owed by the defendant to the State of Tennessee be established at $0.00, due to his having paid $2,500.00 owed to the State of Tennessee which satisfies his obligation in full.

On March 3, 2006, the State filed a "Motion to Alter or Amend Order," asserting that the trial court had granted an impermissible, retroactive modification of child support arrears and that the parties could not circumvent the child support guidelines by private agreement. A hearing was held on May 18, 2006. At the hearing, the State indicated that it had no new proof and the trial court denied the State's motion by Order of May 18, 2006.

The State appeals and raises two issues for review as stated in its brief:

1. Whether the father continues to owe court-ordered child support.

2. Whether the trial court erred when it forgave child support arrears.

It is undisputed in this record that Mr. Harris remains the legal father of A.D.H. As such, Mr. Harris has a legal obligation to provide support for A.D.H. as set in the 1992 Order. T.C.A. § 36-5-101(f)(1) (2005) provides:

Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state.

-3-

**Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties**. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

(Emphasis added).

Furthermore, our Supreme Court has held in ***Rutledge v. Barrett***, 802 S.W.2d 604 (Tenn.1991) that, pursuant to the above statute, a child support order is not subject to retroactive modification. ***Id***. at 605-607; ***see also Alexander v. Alexander***, 34 S.W.3d 456, 46 (Tenn.Ct.App.2000) (providing that "a court has no power to alter a child support award as to any period of time occurring prior to the date on which [a parent] files his or her petition."). Accordingly, a trial court may not retroactively forgive a child support arrearage, but may only modify child support obligations back to the date that a petition or motion for modification is filed and notice is provided to the non-moving party. Consequently, the trial court in the instant case lacked the authority to retroactively modify the child support order. In reaching its decision to forgive Mr. Harris's child support arrears, the trial court made the following, relevant, statements from the bench at the close of proof at the February 2, 2006 hearing:

> I'm going to do what y'all [Ms. Dauda and Mr. Harris] asked, but I near guaranty [sic] you, they're [the State] going to appeal it to the Court of Appeals and y'all will have another hearing.... Maybe if they [this Court] hear you vocally explain to them why you want the State out of your business, they'll do something different than they been [sic] doing, but the Court's going to find number 1, that the mother's petition to terminate this child support order be granted. Number 2, that the father has paid in full the $2,500 which was owed to the State and awarded to them in the August 15th order and that there's no more money due. I wish y'all luck on the appeal, because if the State is so unkind as to pursue this matter, you'd think they'd have something better to do with their time, but I don't know.

From these statements, it is obvious that the lower court has ignored a crucial point–that being that the primary beneficiary of child support is the child, not the parents. ***Hopkins v. Hopkins***, 152 S.W.3d 447, 449 (Tenn.2004). A custodial parent's conduct cannot extinguish a non-custodial parent's responsibility to support his or her children, ***Rutledge v. Barrett***, 802 S.W.2d at 607, and

-4-

the law does not permit parents to waive or circumvent their minor children's right to support. ***Berryhill v. Rhodes***, 21 S.W.3d 188, 192, 194 (Tenn.2000) (holding that private agreements to circumvent child support obligations are against public policy); ***Huntley v. Huntley***, 61 S.W.3d 329, 335-36 (Tenn.Ct.App.2001); ***Witt v. Witt***, 929 S.W.2d 360, 363 (Tenn.Ct.App.1996)("We find and hold that agreements, incorporated in court decrees or otherwise, which relieve a natural or adoptive parent of his or her obligation to provide child support are void as against public policy as established by the General Assembly."). Accordingly, even when parents undertake to make their own child support arrangements or to circumvent the obligation all together, the courts have the power–and are, in fact, legally bound– to set and enforce the parent's support obligation unless and until same is modified pursuant to the statutory scheme.

For the foregoing reasons, we reverse the Order of the trial court, and remand for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed against the Appellee, Corry Jamal Harris.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.