IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 20, 2013 Session

## BEVERLY DIANE JESSE v. ERIK DEAN JESSE

**Appeal from the Chancery Court for Coffee County**
**No. 05516      L. Craig Johnson, Judge**

---

**No. M2012-01246-COA-R3-CV - Filed November 7, 2013**

---

Mother and Father were divorced in 2006, and their parenting plan did not include an award of child support because residential parenting time was equally shared and they were earning roughly the same amount. Mother filed a petition in 2010 seeking an award of child support based on Father's increased income. The trial court deviated downward from the presumptive amount of child support established by the child support guidelines to take into account each party's expenses incurred in driving back and forth to work, and then awarded Mother child support payable on a monthly basis. Mother appealed, arguing that the trial court exceeded its authority by deviating downward for a reason not explicitly set forth in the guidelines. We affirm the trial court's judgment because tribunals have discretion to deviate from the guidelines for reasons other than those explicitly set forth in the guidelines.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Cynthia A. Cheatham, Manchester, Tennessee, for the appellant, Beverly Diane Jesse.

Michelle M. Benjamin, Winchester, Tennessee, for the appellee, Erik Dean Jesse.

### OPINION

### I. BACKGROUND

Beverly Diane Jesse (now Colwell) ("Mother") and Erik Dean Jesse ("Father") were divorced in April 2006. They submitted a joint Permanent Parenting Plan wherein they agreed to split their residential time with their three children equally. Mother's income was a little higher than Father's, but the parties agreed that no child support would be paid by

Mother. The Permanent Parenting Plan stated:

> Each parent will be spending 50% of the time with the minor children. The Mother's income reflects overtime that may not be continuous. Therefore, the parties agree that no child support shall be paid by the Mother or the Father.

Mother filed a petition to modify child support the following year, in May 2007. Mother alleged Father's income had increased since the parties were divorced and asked the court to calculate the child support Father should be paying. Father filed a counter-petition seeking court permission to relocate 140 miles away to be closer to a new job that provided better pay and benefits than he had before. Father also proposed a new parenting plan naming Father the primary residential parent. Mother opposed Father's petition to relocate and proposed a different parenting plan naming Mother the primary residential parent.

In February 2008 the parties filed an Agreed Order, which the trial court signed, that dismissed both of the parties' petitions. The Agreed Order stated, in relevant part:

> Come the parties and would show unto this Honorable Court that no significant variance exists in their incomes and the Permanent Parenting Plan previously entered in this cause should not be modified with respect to each parties' parenting time with their minor children. Defendant/Counter-Plaintiff would further show that he no longer intends to relocate to Clarksville, Tennessee. Plaintiff/Counter-Defendant moves the Court for [an] Order dismissing the Amended and Restated Petition for Modification of Permanent Parenting Plan, for Child Support and for Contempt with respect to the provisions seeking to modify the parties' respective parenting time and child support obligations.

Then, in June 2010 Mother filed a petition to modify the parenting plan and asked the trial court to award her child support as set forth in the child support guidelines. The trial court held a hearing in August 2011 during which the parties informed the court they had reached an agreement to continue their arrangement of equal residential time with the children. The only remaining issue was the amount of child support Father was obligated to pay Mother.

The court held additional hearings in December 2011 and January 2012 to consider the proper amount of child support to award, if any. Father testified he drove about 300 miles round trip each day for work and that he spent over $17,000 a year for gas and car maintenance. Mother testified she drove about 120 miles round trip to reach her job and that she spent about $2,500 each year for gas and car maintenance. Taking these expenses into

consideration in determining the proper amount of child support to award, the court explained in its Order dated May 10, 2012, that each party's travel expenses should be deducted from their gross annual incomes:

2. [Father] incurs extraordinary transportation expenses to travel approximately three hundred (300) miles round-trip to and from work in Clarksville, Tennessee that costs approximately $17,000 annually or $1,416.67 monthly and [Mother] travels round-trip to and from work in Columbia, Tennessee that costs approximately $2,500 annually.

3. Further, the Court finds that each party should be given a credit against their gross annual income due to the extra expense incurred for transportation to and from work as set forth in the preceding paragraph. [Mother] incurs $2,500 extra expense and [Father] incurs $17,000 for transportation costs annually to and from work, and those amounts should be deducted off the top in the gross income calculations.

. . . . .

8. The extraordinary travel expenses to and from work by each parent constitute funds unavailable for use in supporting the three (3) minor children directly and enable the parties to be gainfully employed to support their three (3) children who are in each parent's care 50% of the time.

9. After consideration of the factors previously set forth and all available income of and expenses of the parents, the Court finds that a change or deviation from the presumptive amount of child support is reasonably necessary for each parent to have resources available to provide for the needs of the minor children. Further, the proposed deviation does not seriously impair the ability of either parent who are joint custodians to maintain adequate housing, food, and clothing and provide other basic necessities for the children while in their care 50% of the time.

As part of its Order, the court calculated both the amount of child support Father would owe without a downward deviation as well as the amount Father would owe with a downward deviation. Then, upon finding that a downward deviation was in the children's best interest, the court ordered Father to pay (1) a fixed amount of support per month going forward and (2) an arrearage to Mother for the period from the date she filed her petition for modification to the effective date of the Order.

Mother appeals the trial court's May 10, 2012, Order and argues the trial court erred in the following ways: (1) deviating from the child support guidelines to take into account the parties' work-related travel expenses; (2) allowing Father to argue for a downward deviation without prior notice to Mother; (3) denying Mother's Rule 60 motion to set aside the 2008 Agreed Order; and (4) denying Mother's request for attorney's fees.

## II. ANALYSIS

### A. Child Support

Our review on appeal of the trial court's findings of fact is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Blair v. Brownson*, 197 S.W.3d 681, 684 (Tenn. 2006); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001); *Hass v. Knighton,* 676 S.W.2d 554, 555 (Tenn. 1984). We review a trial court's conclusions of law *de novo*, with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

When it comes to setting child support, trial courts have discretion to determine the amount within the confines of the child support guidelines promulgated by the Tennessee Department of Human Services. *Hommerding v. Hommerding*, 2009 WL 1684681, at *3 (Tenn. Ct. App. June 15, 2009); *Hanselman v. Hanselman*, 2001 WL 252792, at *2 (Tenn. Ct. App. Mar. 15, 2001); *see* Tenn. Code Ann. § 36-5-101(e)(2) (courts shall apply child support guidelines as rebuttable presumption when setting child support). When an appellate court reviews the child support a trial court has set, we must consider "(1) whether the decision has a sufficient evidentiary foundation, (2) whether the court correctly identified and properly applied the appropriate legal principles, and (3) whether the decision is within the range of acceptable alternatives." *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). We will not substitute our judgment for that of the trial court simply because we might have selected another alternative, but we will set aside a discretionary decision if it is not supported by the evidence or if it is contrary to the law. *Id*.

Mother argues the court exceeded its authority by deviating from the child support guidelines to deduct the parties' work travel expenses from their gross incomes before calculating the amount of child support to award. The statute governing child support provides:

> In making the court's determination concerning the amount of support of any
> minor child or children of the parties, the court shall apply, as a rebuttable
> presumption, the child support guidelines, as provided in this subsection (e).

-4-

If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child or children, or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

Tenn. Code Ann. § 36-5-101(e)(1)(A).

Mother argues the guidelines do not contemplate the sort of deviation the trial court engaged in here. We disagree. According to the guidelines, a court has discretion to deviate in method or amount from the presumptive child support amount so long as the tribunal explains the basis for its deviation. Tenn. Comp. R. & Regs. 1240-2-4-.07(1)(b). Courts are directed to give "primary consideration" to the best interest of the children whose support is being determined. *Id*.

The guidelines continue:

When ordering a deviation from the presumptive amount of child support established by the Guidelines, the tribunal's order shall contain written findings of fact stating:

1.  The reasons for the change or deviation from the presumptive amount of child support that would have been paid pursuant to the Guidelines; and

2.  The amount of child support that would have been required under the Guidelines if the presumptive amount had not been rebutted; and

3.  How, in its determination,

    (I) Application of the Guidelines would be unjust or inappropriate in the particular case before the tribunal; and

    (ii) The best interests of the child for whom support is being determined will be served by deviation from the presumptive guideline amount.

Tenn. Comp. R. & Regs. 1240-2-4-.07(1)(c).

The guidelines are clear that:

No deviation in the amount of the child support obligation shall be made which seriously impairs the ability of the PRP[1] in the case under consideration to maintain minimally adequate housing, food, and clothing for the children being supported by the order and/or to provide other basic necessities, as determined by the court.

Tenn. Comp. R. & Regs. 1240-2-4-.07(1)(d).

Contrary to Mother's argument, the trial court here explained its reasons for deviating from the presumptive guideline amount and included in its Order the information necessary to comply with the statute and guidelines. First, the court recognized that the money Mother and Father spend to drive back and forth to their places of employment is unavailable to support the parties' children and should therefore not be included in the parties' gross incomes to calculate the proper amount of child support to award. Next, the court determined the amount of child support it would award both with and without the downward deviation. Then, the court found its deviation did not seriously impair either parent's ability to provide for their children while in their care 50% of the time. Finally, the court found the deviation was in the children's best interest.

Mother does not contest any of the court's findings of fact. Instead, she contends that the guidelines do not explicitly identify work travel expenses as a reason to deviate downwards and that the court therefore exceeded its authority in deducting these expenses from the parties' gross incomes. We note that the guidelines are meant to provide guidance to the courts, not set specific limitations:

Deviation from the Guidelines may be appropriate for reasons in addition to those previously established in 1240-2-4-.01-.06 when the tribunal finds it is in the best interest of the child . . . .

Tenn. Comp. R. & Regs. 1240-2-4-.07(2).

The evidence presented does not preponderate against the trial court's findings of fact. We conclude the trial court was authorized to apply a downward deviation to the presumptive child support guidelines based on the facts of this case and did not abuse its discretion in deducting from their gross incomes the parties' travel expenses for work before calculating the proper amount of child support to award. Accordingly, we affirm the trial court's

---

[1]"PRP" is defined as the primary residential parent.

judgment determining Mother's child support award as set forth in the Order dated May 12, 2012.

## B.  Prior Notice

Mother contends Father argued for a downward deviation during the hearing on December 5, 2011, and that he did not notify her of this issue in advance of the hearing to provide her with the opportunity to respond.  Our review of the evidence reveals that during the initial hearing in August 2011 to address Mother's petition to modify, Father's attorney reviewed the parties' prior proceedings before the court on the issue of child support. Father's attorney reminded the court that when the parties were before it in 2008, the issue of Father's long drive to Clarksville for his job was an issue the parties discussed with the judge.

Then, when the parties returned to court for an evidentiary hearing on December 5, 2011, Father testified about the 2008 Agreed Order.  Specifically, Father was asked what led the parties to agree that Father would not pay child support at that time.  Father testified:

> I was given a choice that I could relocate, and we would have to work out a new schedule with the children, or I could choose to continue to drive back and forth, and that I would be given a credit for the expense of driving back and forth in regards to the job that would help me to take care of the kids.

The court questioned Father about the number of miles he drove each day back and forth to work and how many days a week he worked.  Mother testified as well about the number of miles she drove back and forth to work each day and the number of days she worked each week.  Despite Mother's argument, it appears that she had earlier notice regarding the future use of Father's travel expenses if he did not relocate.  It is not clear from the record that Father actually requested that travel expenses be used for a downward deviation.  He testified to the earlier agreement, and the trial court made the modification described.

## C.  Rule 60 Motion

Mother next argues the trial court erred when it denied her Rule 60 motion to set aside the Agreed Order dating from 2008.  The Agreed Order that both parties signed and asked the trial court to enter in February 2008 included the following language:  "[N]o significant variance exists in [the parties'] incomes and the Permanent Parenting Plan previously entered in this cause should not be modified with respect to each parties' parenting time with their minor children."  Mother included in the Agreed Order a request that the trial court dismiss

her earlier-filed petition for modification, in which she had sought an award for child support.[2]

Mother filed her Rule 60 motion in December 2011, more than three years after the order from which she seeks relief and three years after she asked the trial court to dismiss her petition for modification. In her motion, Mother argued the Agreed Order was void because it relieved the parties of any child support obligation without providing any reason or citing the parties' incomes at the time.[3] The trial court did not expressly address Mother's Rule 60 motion, but at the end of its Order dated May 10, 2012, the court wrote: "All other motions still outstanding are denied."

> To set aside a judgment under rule 60.02 the burden is upon the movant to prove that he is entitled to relief, and there must be proof of the basis on which relief is sought. *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 186 (Tenn. Ct. App. 1985). A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge; the scope of review on appeal is limited to whether the trial judge abused his discretion. *Toney v. Mueller Co.*, 810 S.W.2d 145 (Tenn. 1991); *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn. 1985).

*Banks v. Dement Const. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991).

Mother is incorrect that the Agreed Order relieved the parties of any child support obligation. A parent is legally obligated to provide support for his or her minor children regardless of the parents' marital status or the existence of a court order. *See* Tenn. Code Ann. § 34-1-102 (each parent is required to support minor children); *Hopkins v. Hopkins*, 152 S.W.3d 447, 449 (Tenn. 2004) (both parents have a duty to support minor children regardless of child support order); *Gallaher v. Elam*, 104 S.W.3d 455, 461 (Tenn. 2003) (support obligations are mandatory, and a parent may be criminally prosecuted for failure to support minor child).

---

[2]The record does not include a transcript from the hearing on the parties' request that the court enter the Agreed Order, so we do not know what transpired at this hearing.

[3]Tennessee Rule of Civil Procedure 60.02(3) permits a party to file a motion seeking relief from a final judgment, order, or proceeding on the basis that the judgment is void.

Mother relies on *Witt v. Witt*, 929 S.W.2d 360 (Tenn. Ct. App. 1996), and *State ex rel. Flatt v. Flatt*, 2008 WL 794521 (Tenn. Ct. App. Mar. 27, 2008), to support her argument that the 2008 Agreed Order is void. However, these cases involved distinguishable facts and do not further Mother's cause. The court in *Witt v. Witt* determined that a marital dissolution agreement relieving a biological parent of child support obligations was void as against public policy. *Witt*, 929 S.W.2d at 361-62. *Flatt* involved a similar situation where divorced parents agreed that the father would not provide child support for an indefinite period of time. *Flatt*, 2008 WL 794521, at *2. The *Flatt* court determined that this agreement was void on public policy grounds because it constituted an impermissible bargaining away of the children's right to support from their father. *Id.* at *7.

Unlike *Witt* and *Flatt*, Father has never been relieved of providing financial support for his three children. The parties have shared equal residential time with their children, and at the time of the hearings, Father provided health and dental insurance in addition to paying numerous other expenses related to the children.

Mother's argument is not that Father has failed to provide for the children, but that Father was not under a court order to pay a particular amount of child support to Mother on a regular basis from the time he received an increase in his income until Mother filed her most recent petition for modification in June 2010. For reasons not apparent from the record, Mother decided in 2008 to dismiss her 2007 petition seeking a child support award. The record contains no findings by the trial court about what led the parties to enter into the Agreed Order, and the trial court was not required to make such findings. One parent is not automatically entitled to an award of child support whenever the other parent's income increases. A petition seeking such an award must first be filed. Mother decided in 2008 to dismiss her petition seeking an award of child support.

When the parties asked the trial court to enter the Agreed Order in 2008, the terms of the permanent parenting plan dating from 2006 remained in effect. That parenting plan did not award child support to either party because their incomes were nearly the same at that time and residential parenting time was equal. Mother has failed to carry her burden of establishing how the trial court erred in denying her Rule 60 motion to set aside the 2008 Agreed Order. In the absence of any evidence that the trial court abused its discretion, we affirm the trial court's judgment denying Mother's motion.

## D. Attorney's Fees

The trial court did not award either Mother or Father their attorney's fees. On appeal, Mother seeks an award of her attorney's fees incurred at trial and on appeal. She relies on Tenn. Code Ann. § 36-5-103(c), which gives a trial court discretion to award a prevailing

party his or her attorney's fees in cases involving the enforcement of a decree for child support or action involving the custody or change of custody of the parties' child(ren). Whether this case actually fits within the statute is subject to argument. In any event, we hold that the trial court did not abuse its discretion in denying Mother's request for attorney's fees. We also deny her request for attorney's fees incurred on appeal.

### III. CONCLUSION

The trial court's judgment is affirmed in all respects. Costs of this appeal shall be assessed against the appellant, Beverly Diane Jesse (now Colwell).

_____
PATRICIA J. COTTRELL, JUDGE