# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 21, 2016 Session

## IN RE GABRIELLE R., ET AL.

### Appeal from the Juvenile Court for Shelby County
### No. Y1320      Dan H. Michael, Judge
_____

### No. W2015-00388-COA-R3-JV – Filed March 17, 2016
_____

Following an announcement in open court that the parties agreed to the terms of a permanent parenting plan, the trial court entered an order purporting to adopt the agreed-upon plan. Father appeals from this order, arguing that certain terms of the plan entered by the trial court do not match the announced agreement. Having reviewed the record, we observe that there is neither an attached child support worksheet reflecting what Father's child support would be based on the modified parenting schedule, nor any ruling on child support by the trial court. Accordingly, we conclude that the order appealed is not a final judgment so as to confer jurisdiction on this Court. Tenn. R. App. P. 3. Accordingly, we dismiss this appeal and remand the case for further proceedings consistent with this Opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG, J., joined. J. STEVEN STAFFORD, P.J., W.S., filed a dissenting opinion.

J. Vincent Perryman, Memphis, Tennessee, for the appellant, Isaac R.

Terita Hewlett Riley, Memphis, Tennessee, for the appellee, Takara F.

## OPINION

### Background and Procedural History

The parties in this case, Isaac R. ("Father" or "Appellant") and Takara F. ("Mother" or "Appellee"),[1] are the parents of two minor children, both of whom were born out of wedlock. Prior to the instant proceedings, the Hamilton County Juvenile Court set Father's support

---

[1] In cases involving minor children, it is this Court's policy to redact names in order to protect the children's identities.

payments. The case was eventually transferred to Shelby County. Following the transfer, the Shelby County Juvenile Court entered an order on September 12, 2012 increasing Father's monthly support payments from $624.00 to $916.00 based on the birth of the parties' second child. Although Mother subsequently moved for relief from this support order, arguing that Father had withheld information concerning his income, she later voluntarily dismissed her motion.

On February 27, 2013, Father filed a petition to set visitation with the children. Among other things, the petition alleged that Mother had refused to allow Father his regular visits and had limited Father's parenting time as a means of increasing his child support obligation. On May 23, 2013, Father filed an "Amended Petition for Custody." Although this amended petition contained many of the same allegations that were set forth in Father's February 27 petition, by his amended petition, Father sought primary residential custody of the children. In pertinent part, the petition averred that it was "not in the best interest of the children to continue to reside with Mother as she [was] suffering from depression and other issues."

On September 4, 2013, Father's petition was heard by a Juvenile Court magistrate. After considering the proof, the magistrate recommended that a joint custody arrangement be implemented. The magistrate's written findings, which were filed on October 3, 2013, specifically stated that: "[I]t is in the best interest of [the] children to be placed in the joint custody of both parents with the mother being the primary residential parent in odd years and the father being the primary residential parent in even years." Following the ruling of the magistrate, Mother requested a hearing before the Juvenile Court Judge.

Immediately prior to the trial, which was scheduled for December 16, 2013, the parties announced that they had reached an agreement. After the specific terms of the parties' agreement were recited in open court, the trial court asked the parties if the announced terms were consistent with their agreement. The parties affirmed, under oath, that they were, and the trial court requested that Father's counsel prepare an order adopting the parties' agreement. Notwithstanding the parties' announcement in open court of the terms of the agreement and the court's instruction for Father's counsel to prepare the order, no order was ever entered. Indeed, court filings made subsequent to the announcement evidence a lack of consensus as to the nature of the agreement that the parties had reached. On January 10, 2014, Father filed a motion to reduce the announced settlement to an order and attached his proposed parenting plan as an exhibit. In his motion, Father asserted his belief that Mother would not abide by the announced agreement unless it was reduced to an order. On May 14, 2014, Mother filed her own proposed parenting plan, which she then amended on October 17, 2014.

On December 22, 2014, the Juvenile Court entered an order, without any further hearing or presentation of any proof, purporting to adopt the parties' "announced agreement." Specifically, the court held that the "agreed" parenting plan submitted by Mother on October 17, 2014 should be incorporated by reference. On December 31, 2014, Father filed a motion, pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, for relief from the December 22 judgment. In his motion, Father argued that he had never been provided with a copy of the adopted plan prior to its submission to the court. Moreover, he stated that he had not agreed to several of the terms of the plan that was actually entered. On February 17, 2015, Father's motion for relief was denied by a Juvenile Court Special Judge. This appeal followed.[2]

### Issues Presented

In his appellate brief, Father raises one issue for our review:

1. Whether the trial court erred in entering an agreed order that was not signed by both parties nor was consistent with the agreement announced on the record more than one year prior to the entry of the agreed order after it was clear that the parties no longer agreed.

Although Mother's brief identifies two issues, they implicate the same basic concerns that Father raises. As restated slightly from her brief, Mother's issues are:

1. The trial court was correct in entering the December 22, 2014 order regardless of the signing of both parties, after the court placed the parties under oath and was assured this was each party's agreement.

2. The December 22, 2014 trial court order is consistent with the parties' agreement on the record.

### Discussion

Although Father's brief asks us to consider the propriety of the trial court's December 22, 2014 order, we must begin our review by first considering whether we have jurisdiction over the subject matter of the case. *See* Tenn. R. App. P. 13(b) (stating that the appellate court "shall" consider whether it has jurisdiction "whether or not presented for review"). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate

---

[2] The notice of appeal in this matter was filed on January 21, 2015, prior to the disposition of the Rule 60.02 motion.

courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citation omitted). A judgment is a final "'when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court.'" *Roberts v. Vaughn*, No. W2008-01126-COA-R3-CV, 2009 WL 1608981, at *4 (Tenn. Ct. App. June 10, 2009) (quoting *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995)). "In contrast, an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final, but is subject to revision any time before the entry of a final judgment." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (citation omitted). In this Tenn. R. App. P. 3 appeal, as of right, the order appealed was not certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Accordingly, a determination that it represents a final judgment is a condition precedent to our exercise of jurisdiction.

Having reviewed the record, it is apparent that the adopted parenting plan does not specify a particular amount of child support. At oral argument, counsel for Father stated that child support had been decided in a separate order, which was entered on September 12, 2012. Although we acknowledge that child support was addressed by the Shelby County Juvenile Court, it did so outside the context of the proceedings related to Father's petition for visitation and custody, which are the subject of this appeal. The issue of child support should have been revisited in the parenting plan adopted pursuant to the December 22, 2014 order. *See Schreur v. Garner*, No. M2010-00369-COA-R3-CV, 2011 WL 2464180, at *6 (Tenn. Ct. App. June 20, 2011) (noting that the "change in the residential parenting schedule was the trigger for the modification of child support"). If, on reconsideration of the child support issue, the trial court found a significant variance, it should have modified the support obligation pursuant to the Child Support Guidelines. Because the trial court did not revisit the child support issue incident to its modification of the parenting plan, the December 22, 2014 order is not a final judgment as it does not adjudicate all issues. Accordingly, we do not have jurisdiction to hear this appeal.

In *Leonardo v. Leonardo*, No. M2014-00372-COA-R3-CV, 2015 WL 3852802 (Tenn. Ct. App. June 18, 2015), *perm app. granted* (Tenn. Nov. 24, 2015), this Court addressed the issue of child support following the modification of a permanent parenting plan in a post-divorce case. In addition to arguing that the trial court erred in modifying the parties' parenting plan, the appellant/mother in *Leonardo* asserted error due to the trial court's *sua sponte* decision to modify the father's child support obligation in the absence of any pleading requesting such relief. *Id.* at *3. In *Leonardo*, the majority affirmed the trial court's decision to modify child support in light of the modification to the parties' parenting schedule. In pertinent part, the majority opinion concluded that: "[A] petition to modify visitation time or the primary residential parent necessitates a recalculation of child support so long as the opposing party received adequate notice of the petition and so long as there is a significant

variance in accordance with the Tennessee Child Support Guidelines." *Id.* at \*7.  Although our State Supreme Court granted permission to appeal in *Leonardo* and vacated the majority opinion solely with respect to the modification of child support, we do not interpret the Supreme Court's action in *Leonardo* as a reversal of our holding that a change in a child's residential schedule is sufficient to require a trial court to revisit child support and modify support if a significant variance exists.  Indeed, the Supreme Court remanded the case to the trial court "with the direction that the trial court permit discovery and conduct a hearing on the issue of the appropriateness of any modification of child support and the proper amount of child support if it is determined that child support is appropriately subject to modification."  *Leonardo v. Leonardo*, No. M2014-00372-SC-R11-CV (Tenn. Nov. 24, 2015).  Had the Supreme Court disagreed with our substantive holding in *Leonardo*, it would have reversed this Court or would have determined that the issue of child support was not before the trial court and thereby negated the requirement that a trial court revisit child support when it changes a residential parenting schedule.  If the Supreme Court had disagreed with our legal position on that issue, there would have been no need for its remand for discovery and a hearing on child support.  As we interpret it, the Supreme Court's mandate that the trial court inquire into the "appropriateness of any modification" relates to whether a significant variance existed, not to whether a modification was appropriate in the absence of a pleading requesting relief related to child support.

Failing to require a trial court to revisit child support incident to a modification of the parenting schedule poses a serious threat to children's welfare.  "Child support payments are for the benefit of the child, and both parents have a duty to support their minor children." *Hopkins v. Hopkins*, 152 S.W.3d 447, 490 (Tenn. 2004) (citation omitted).  Holding otherwise would only undermine our trial courts' authority to exercise continuing jurisdiction over the care of the children of this State.

## Conclusion

Because the order appealed is not a final judgment, we dismiss the appeal for lack of subject matter jurisdiction.  Costs of this appeal are assessed against the Appellant/Father, Isaac R., for which execution may issue if necessary.  This case is remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE